IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | I N D I C T M E N T |
| | ) | |
| -vs- | ) | Case No. _____ |
| | ) | |
| JUAN SILLAS-ROCHA, | ) | Violation: 21 U.S.C. § 846 |
| a/k/a JUANILLO SILLAS | ) | |

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From on or about January 1, 2002, and continuously until the date of this Indictment, in the District of North Dakota, and elsewhere,

JUAN SILLAS-ROCHA, a/k/a JUANILLO SILLAS,

did knowingly and intentionally combine, conspire, confederate, and agree together with Jorge Manuel Arandas, a/k/a Sneaky, et al., indicted in the District of North Dakota, Southeastern Division, Case No. 3:06-cr-14, Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, et al., indicted in the District of North Dakota, Southeastern Division, Case No. 3:05-cr-101, and others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendant and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Nebraska, Washington, California, and elsewhere.

2. It was further a part of said conspiracy that the defendant and others would and did possess with intent to distribute and did distribute cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, within the states of North Dakota, Minnesota, Nebraska, Washington, California, and elsewhere.

3. It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities.

4. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities.

5. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions.

6. During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred and arranged the transfer of methamphetamine and marijuana from Mexico, Washington, California, and elsewhere to the Red River Valley area for distribution.

7. It was further a part of said conspiracy that the defendant and others would and did use violence and the threat of violence to promote their drug trafficking activities, including, but not limited to, murder and assault.

8. During the course of and to further said conspiracy, members of the conspiracy, through the use of money wires, transferred, received, and arranged to have United States currency transferred and received to and from various locations.

9. It was further a part of said conspiracy that motor vehicles were exchanged for controlled substances.

10. It was further a part of said conspiracy that firearms were exchanged for controlled substances.

11. During the course of this conspiracy in excess of 30,000 grams (30 kilograms) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, was distributed in the Red River Valley area of North Dakota and Minnesota by members of the conspiracy;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

A TRUE BILL:

/s/ Grand Jury Foreperson

Foreperson

/s/ Drew H. Wrigley
DREW H. WRIGLEY
United States Attorney

CCM:ld